David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:   (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for Plaintiff
Samantha Alvino

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Alvino<br><br>                   Plaintiff,<br><br>v.<br><br>Midland Funding, LLC<br><br>                   Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1    collection practices are not competitively disadvantaged, and to promote
2    consistent State action to protect consumers against debt collection abuses.

3    2.   Samantha Alvino, (Plaintiff), through Plaintiff's attorneys, brings this action to
4         challenge the actions of Midland Funding, LLC, ("Defendant"), with regard
5         to attempts by Defendant to unlawfully and abusively collect a debt allegedly
6         owed by Plaintiff, and this conduct caused Plaintiff damages.

7    3.   Plaintiff makes these allegations on information and belief, with the exception
8         of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
9         Plaintiff alleges on personal knowledge.

10   4.   While many violations are described below with specificity, this Complaint
11        alleges violations of the statutes cited in their entirety.

12   5.   Unless otherwise stated, all the conduct engaged in by Defendant took place
13        in Arizona.

14   6.   Any violations by Defendant were knowing, willful, and intentional, and
15        Defendant did not maintain procedures reasonably adapted to avoid any such
16        violation.

17                              **JURISDICTION AND VENUE**

18   7.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
19        1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

20   8.   This action arises out of Defendant's violations of the Fair Debt Collection
21        Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

22   9.   Because Defendant does business within the State of Arizona, personal
23        jurisdiction is established.

24   10.  Venue is proper pursuant to 28 U.S.C. § 1391.

25   11.  At all times relevant, Defendant conducted business within the State of
26        Arizona.

27

28

**PARTIES**

12. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.

13. Defendant is located in the City of San Diego, in the State of California.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

16. Sometime in 2008 Plaintiff is alleged to have incurred certain financial obligations to Chase Bank USA N.A..

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. In November 2008, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt.

19. On or about November 28, 2008, Chase Bank USA N.A. charged off Plaintiff's account.

20. Subsequent to the default, but before May 12, 2015, the alleged debt was assigned, placed, or otherwise transferred, to a debt collector, Defendant Midland Funding LLC, for collection.

21. On or about May 12, 2015, Defendant Midland sued Plaintiff for the alleged debt in the Moon Valley Justice Court, case number CC2015 082597RC "State Court Case."

22. Plaintiff was subsequently served a copy of the Summons and Complaint in the State Court Case.

23. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

24. The longest applicable statute of limitations for Defendant Midland's cause of action is six years pursuant *Arizona Revised Statutes § 12-548.*

25. A 'cause of action accrues'-in the terms of the statute of limitations-each time defendant fails to perform as required under the contract. *Builders Supply Corp. v. Marshall*, 88 Ariz. 89, 96, (1960). A cause of action on a written contract accrues at the time of breach. *Angus Med. Co. v. Digital Equip. Corp.*, 173 Ariz. 159, 162 (Ct. App. 1992). As a general matter, a cause of action accrues, and the statute of limitations commences, when one party is able to sue another. *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588, (1995).

26. With regards to Plaintiff's alleged debt the cause of action began to accrue from the due date of the first missed payment when she allegedly failed to perform under the terms and conditions between her and Chase Bank USA N.A.

27. This failure to pay undoubtedly occurred before the November 2008 charge off of her account.

28. At no time after November 28, 2008 did Plaintiff enter into any agreements, payment arrangements, or make any payments towards the alleged debt to Chase Bank USA N.A. or any subsequent debt collectors.

29. Therefore, since Defendant did not file their lawsuit prior to November 2014, Defendant filed their State Court Case outside of the applicable statute of limitations.

30. Therefore Defendant's actions were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendants violated 15 U.S.C. §§ 1692e and 1692e(10).

31. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

32. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

33. By suing Plaintiffs for a debt outside the applicable statute of limitations, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

34. Through this conduct, Defendant also was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

35. As a result of Defendant's abuse, Plaintiff has suffered actual damages in the form of attorney's fees, court costs, missed time at work to deal with the State Court Case, as well as mental anguish emotional distress type damages which manifested in symptoms including but not limited to: stress, anxiety, worry, sleepless nights, embarrassment, fear of job loss, fear of answering the door, fear of answering the telephone, damage to her professional reputation, all impacting her personal and professional relationships.

HYDE & SWIGART
Consumer Protection Attorneys

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

36.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

37.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- • An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

39.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: June 3, 2015                    By: _/s/  David J. McGlothlin_
                                           David J. McGlothlin
                                           Attorneys for Plaintiff